IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD THOMPSON, | ) |
| | ) Civil Action |
| Petitioner | ) No. 04-CV-00025 |
| | ) |
| vs. | ) |
| | ) |
| PENNSYLVANIA STATE PAROLE BOARD, | ) |
| THE DISTRICT ATTORNEY OF THE | ) |
| COUNTY OF PHILADELPHIA and | ) |
| THE ATTORNEY GENERAL OF THE STATE | ) |
| OF PENNSYLVANIA, | ) |
| | ) |
| Respondents | ) |

O R D E R

NOW, this 2nd day of June, 2006, upon consideration of the pro se Petition for Writ of Habeas Corpus, which petition was filed on February 2, 2004; upon consideration of the Response to Petition for Writ of Habeas Corpus, which response was filed May 24, 2004; upon consideration of the Report and Recommendation of Magistrate Judge Diane M. Welsh filed May 28, 2004; upon consideration of the Objections to Magistrate Judge's Report and Recommendation,[1] which objections were filed by petitioner on July 12, 2004; upon consideration of Response to Petitioner's Objections to Report and Recommendation, which response was filed August 6, 2004; upon consideration of Reply to the Commonwealth of

---

[1] Petitioner argues, in his Objections to Magistrate Judge's Report and Recommendation, that his petition for habeas corpus was misconstrued as a petition made pursuant to 28 U.S.C. § 2254 when in fact it should have been considered under 28 U.S.C. § 2241.  Petitioner notes that he initially filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(c)(3) on January 5, 2004.  By Order of the undersigned filed January 12, 2004, petitioner was directed to complete the local form for habeas claims made pursuant to 28 U.S.C. § 2254 within 30 days.  Petitioner did so, and his § 2254 claim was the subject of Magistrate Welsh's Report and Recommendation.

Pennsylvania's Response to Petitioner Harold Thompson's Objections to the Magistrate Judge's Report and Recommendation, which reply was filed August 25, 2004; it appearing that petitioner's objections are without merit; it further appearing after de novo review of this matter that Magistrate Judge Welsh's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

<u>IT IS ORDERED</u> that Magistrate Judge Welsh's Report and Recommendation is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that petitioner's objections are overruled.[2]

---

 [2]  When objections are filed to a magistrate judge's report and recommendation, we are required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. We may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  <u>Raddatz</u>, <u>supra</u>.

As stated above, petitioner contends in his objections that his petition for habeas corpus should have been considered under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254.  Petitioner acknowledges that he was not in custody at the time that his petition was filed, but argues that a petitioner need not be in custody in order to file a petition pursuant to 28 U.S.C. § 2254.  Accordingly, petitioner argues that it was clear error for Magistrate Judge Welsh to interpret his petition as made pursuant to 28 U.S.C. § 2254, which does require that a petitioner be "in custody" at the time of filing. Objections to Magistrate Judge's Report and Recommendation at pages 2-3.

Petitioner's objections are without merit.  As respondents correctly argue in their response to petitioner's objections, the United States Court of Appeals for the Third Circuit has held that a state prisoner challenging the execution of his sentence must do so pursuant to § 2254.

(<u>Footnote 2 continued</u>):

IT IS FURTHER ORDERED that the pro se petition for habeas corpus relief is denied without a hearing.

IT IS FURTHER ORDERED that because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case for statistical purposes.

BY THE COURT:


/s/James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 2):

Coady v. Vaughn, 251 F.3d 480, 484-485 (3d Cir. 2001).  Because § 2254 governs petitioner's request for relief, it was not clear error for Magistrate Judge Welsh to consider Mr. Thompson's petition under § 2254.

Moreover, even if we had considered Mr. Thompson's petition as being made pursuant to § 2241, the outcome would have been the same.  The "in custody" requirement applies to § 2241 as well as § 2254.  See Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540, 544 (1989).  The Supreme Court has explained that

> The federal habeas corpus statute requires that the applicant must be "in custody" when the application for habeas corpus is filed.  This is required not only by repeated references in the statute, but also by the history of the great writ.  Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person.

Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554, 559 (1968).  Given that the "in custody" requirement applies to all petitions for habeas corpus and that Mr. Thompson acknowledges that he was not in custody when he filed his petition, it is clear that Mr. Thompson's petition should be dismissed.  Accordingly, petitioner's objections to the Report and Recommendation are overruled.